1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

--------------------------------x
                                 :
UNITED STATES OF AMERICA         : Criminal Action No.:
                                 : 1:23-cr-44
                                 :
        v.                       :
                                 :
JASON FOGLE,                     : July 19, 2023
                                 :
            Defendant.    :
--------------------------------x

TRANSCRIPT OF STATUS HEARING
BEFORE THE HONORABLE ROSSIE D. ALSTON, JR.,
UNITED STATES DISTRICT COURT JUDGE

A P P E A R A N C E S

FOR THE GOVERNMENT:    RUSSELL L. CARLBERG, DOJ-USAO
                       HEIDI B. GESCH, DOJ-USAO
                       KENNETH R. SIMON, JR. AUSA (Richmond)
                       United States Attorney's Office
                       Eastern District of Virginia
                       2100 Jamieson Avenue
                       Alexandria, VA 22314

FOR THE DEFENDANT:     JESSICA N. CARMICHAEL, ESQ.
                       Carmichael Ellis & Brock
                       108 N. Alfred Street
                       1st Floor
                       Alexandria, VA 22314

                       STEPHEN R. JOHNSON, ESQ.
                       Ritchie, Davies, Johnson & Stovall,
                       P.C.
                       606 West Main Street
                       Suite 300
                       Knoxville, TN 37902


OFFICIAL U.S. COURT REPORTER:    MS. TONIA M. HARRIS, RPR
                                 United States District Court
                                 401 Courthouse Square
                                 Tenth Floor
                                 Alexandria, VA 22314

United States v. Fogle

2

# **P R O C E E D I N G S**

(Court proceedings commenced at 11:03 a.m.)

THE COURTROOM CLERK:  Criminal No. 2023-44.  United States of America versus Jason Fogle.  Counsel, please note your appearances for the record.

MR. CARLBERG:  Good morning, Your Honor.  For the government, Russell Carlberg.  I'm here with Heidi Gesch and Kenneth R. Simon, Jr.

THE COURT:  Good morning.

MS. CARMICHAEL:  Good morning, Your Honor.  Jessica Carmichael.  I'm local counsel for my colleague, Stephen Johnson, and we are appearing with our client, Jason Fogle, who is present.

THE COURT:  Okay.  And I'm assuming, at this point, since you have appeared pro hac, you're going to let Mr. Johnson take it in from here?

MS. CARMICHAEL:  That's correct, Your Honor.

THE COURT:  This matter comes on today for a status conference.  The Court has been made aware of the circumstances, the underlying circumstances related to the disposition of this case, and I will simply state that whatever we decide to do as a group on this case we need to decide as efficiently and expeditiously as possible.

So who wants to take the lead?

United States v. Fogle

3

MR. CARLBERG:  Your Honor, I'm happy to.

THE COURT:  Yes, sir.

MR. CARLBERG:  I'm here primarily to answer the Court's questions.  I would state that the government is not prepared to proceed at this time.  And with respect to -- this goes equally for Mr. Camenson, who is on status for next week.

I would note, as a matter of federal rule, under Rule 11 of criminal procedure (d)(1), the defendant has basically an absolute right not to enter a plea before any plea is entered.  And my understanding is neither party wants to proceed with pleas on Mr. Fogle or Mr. Camenson at this time or any foreseeable time in the future, and would ask that the matters be taken off the Court's docket.

THE COURT:  Well, if we're of the mind to do that, we're going to set it for trial and we're either going to have a trial or we're going to have some sort of resolution.  We just can't keep carrying this case on the docket with nothing efficiently happening.

MR. CARLBERG:  There's no indictment returned, Your Honor.  There's no waiver of indictment.  I don't believe there's any mechanism by which this Court could order a trial.

THE COURT:  When is the government going to pursue an indictment?

MR. CARLBERG:  We are reviewing that.  There will be no indictment against Mr. Fogle, Your Honor.  If you're asking

United States v. Fogle

4

about the broader case with the civil defendants -- is that what the Court is asking?

THE COURT:  Yes.

MR. CARLBERG:  Your Honor, we don't know.  We're reviewing the case.  We're reviewing what effect, if any, this Court's order on summary judgment has had on the criminal matter, and the numerous findings of mixed issues of law and fact that the Court found in that order.  The government has a duty to do justice and not just seek indictments and convictions, as I'm sure this Court will recognize.  And the government is deeply engaged with all parties on this matter, including counsel for Amazon and all of the defense attorneys representing various subjects of that investigation and in that civil case.

I will note, Your Honor -- that I brought with me, not to distribute but to show the Court -- that I have an 88 slide presentation from the defense.  And I will note Mr. Trustee is here in court and he sat for part of that.  And large portions of it deal with why this Court's order renders the criminal case null and void on a number of issues, and so we're considering that, Judge.

THE COURT:  Without giving me any specific date, when do you think that we are going to have some sort of clear path for resolution to this case?  Again, and I'm not trying to be difficult.  You know me well enough to know that that's

Tonia M. Harris OCR-USDC/EDVA 703-646-1438

EASTERN DISTRICT OF VIRGINIA

United States v. Fogle

not my style.  But there comes a point in time where all matters have to be resolved and we just sort of keep carrying this case.

When do you think you might be in a position to make the best decision you can?

MR. CARLBERG:  Your Honor, not anytime soon I would say.  I note that there is a civil trial set for October, some time mid-October.  Almost certainly not before then.  I will note -- I don't mean to speak for people who aren't here, so I don't want to get into an ex parte situation.  But it's previously been represented to the government that the defendants in the civil matter believe that the civil process is vindicating all of their rights and that they point to this Court's order on summary judgment as proof that they've done nothing wrong.  Without commenting on that substantively, they have previously communicated to us that they feel it's imperative the civil trial go first so they can be vindicated in this forum.

THE COURT:  That's been a position that has been taken throughout, even when we set the case the first time for, I believe, July or something like that.  One of the parties was very frustrated that it was going to take that long for his rights, as he viewed it to be vindicated.  Then we set it in October.  And so, now we're sort of drifting in that pattern again and it causes the Court's concern.

United States v. Fogle

6

Let me hear from opposing counsel.

MR. JOHNSON:  Good morning, Your Honor.

THE COURT:  Good morning, sir.

MR. JOHNSON:  Stephen Johnson.  My home district is the Eastern District of Tennessee in Knoxville and it's an honor to be before you today, Your Honor.

THE COURT:  Yes, sir.  Thank you.

MR. JOHNSON:  Your Honor, I'm not sure that Ms. Carmichael and I have much more to add on behalf of Mr. Fogle, other than we too have been digesting this Court's rulings and the path of the civil proceeding and it's impact on a -- Mr. Fogle's status.

THE COURT:  It would be fair to say, and I think everyone would agree, that as far as any exposure that Mr. Fogle has right now has been stripped down pretty significantly.

Would you agree with that?

MR. JOHNSON:  We would agree, Your Honor.  And, you know, the Court, I believe, has a preview of what any information, if it were filed, would look like as to Mr. Fogle and what potential plea agreement would look like as to Mr. Fogle and his liability, even before some of the changes in the law, the recent decisions from the U.S. Supreme Court, as well as this Court's summary judgment order.

Already Mr. Fogle's involvement was very limited

United States v. Fogle

7

anyway.  And now when you add those factors in, there's a real issue with whether or not I believe the government is going to move forward as to anything concerning Mr. Fogle.  And for a lot of obvious reasons we do not want to rush that deliberative process that the government is in.

THE COURT:  So where do you think that puts me?  And again, I'm not trying to be difficult, but I've got a responsibility to move litigation along and --

MR. JOHNSON:  Yes, Your Honor.

THE COURT:  -- particularly in the rocket docket.  This is what we do.  And so, what do you think I should do?

MR. JOHNSON:  Respectfully, Your Honor, with respect to Mr. Fogle -- what the government has requested and we certainly, for a lot of obvious reasons, don't object to this request -- is that the Court just remove Mr. Fogle from the docket.  There hasn't been no charging instrument filed with the Court.  All that has been done is that the case was put into the Court's docketing system so that we could file a negotiated charging instrument and a negotiated resolution of that instrument before the Court and then proceed along the path to --

THE COURT:  How does that impact the civil case?

MR. JOHNSON:  Well, I'm not sure Mr. Fogle's matter impacts the civil case at all, Your Honor.

THE COURT:  Okay.

United States v. Fogle

8

MR. JOHNSON:  And so he, once again, he sort of has a very narrow role in these overall set of circumstances.  And I respectfully suggest to the Court that the best course of action, with respect to Mr. Fogle, would be for the Court to grant a request just to remove Mr. Fogle from the Court's system at this time while the Court -- while the government is considering these things.  And I'm engaging in interim discussions with the government as well concerning Mr. Fogle's involvement, and it's a dynamic situation that is impacted, of course, by the larger ongoing litigation.

And I respectfully submit that the best thing to do -- with respect to Mr. Fogle, since we have no charging instrument that's been filed, we have no plea agreement that has been filed, his case has just been rather put into the system so those things could occur -- is just to take him out of the system for now, Your Honor.

THE COURT:  Let me come back to you.

Again, I've got several obligations and responsibilities here.  The first and foremost is to make sure that I obtain the ends of justice with regard to the resolution of this dispute and ancillary disputes, for lack of a better way of putting it.  I am uncomfortable with there being a suggestion of a criminal proceeding in the hopper, so to speak, and nothing being done about it.  There's no criminal information, there's no indictment, and Mr. Fogle is

─────────United States v. Fogle─────────

9

just sort of in a nebulous situation and, quite frankly, an unusual situation.

What would be your response to me suggesting that -- with regard to this particular proceeding relating to Mr. Fogle as it sits in the docket -- just removing it and dismissing it?  And if you want to come back, you can.

MR. CARLBERG:  Yeah, absolutely, Your Honor.  And the same would apply to Mr. Camenson.  If the Court wants to issue a minute order dismissing both matters without prejudice, the government endorses that.  There is no instrument filed so I'm hesitant to offer filing a pleading, but I'll do whatever --

THE COURT:  As long as everyone is comfortable that I have the authority to do what I'm suggesting that I might want to do, that's fine.  I wouldn't want someone to come back later and say:  Well, he didn't have the authority to do that and so therefore we're back to square one and we have a big mess.

And so, it would be my preference -- and again if I don't hear any objection to the contrary -- to just dismiss the matter from the docket without prejudice.  And that way Mr. Fogle's circumstances won't be implicated by having this outstanding litigation relating to this out there.

MR. CARLBERG:  100 percent endorse that approach, Your Honor.

─────Tonia M. Harris OCR-USDC/EDVA 703-646-1438─────
EASTERN DISTRICT OF VIRGINIA

United States v. Fogle

10

MR. JOHNSON:  Yes, Your Honor, we agree.  And I believe the Court certainly has that authority because there is no charging instrument before the Court.  And the Court, I believe, has the authority to regulate the mechanics of its own internal docket, which is really what this is.

THE COURT:  What I'm going to propose that we do is --

Lizzie, why don't we go ahead and prepare a minute order now dismissing the case.  And while I've got everybody here I can get everybody to sign off on it, including Mr. Fogle because this does implicate his rights.

So what I'm going to do, Counsel, is have us prepare a minute order.

(Discussion off the record.)

(A pause in the proceedings.)

(All parties signed the order before the Court.)

THE COURT:  Back on the record.  The Court observed each one of the parties to this particular part of the litigation review the amended order prepared by the Court.  The Court observed each party present here today sign the order, including Mr. Fogle.  The Court has also endorsed that order and will make it a part of the record in this matter.

An order will be filed in the clerk's office consistent with the requirements of the Eastern District of Virginia effectuating the disposition of this case at this

United States v. Fogle

11

time.

Does anyone have any questions?

MR. CARLBERG:  Your Honor, given this Court's order -- and it's basically the exact same situation with Mr. Camenson -- after it appears on ECF, may the government take the liberty of preparing a duplicate order circulating it to Mr. Camenson's counsel, having all of us sign and submit it so that we don't have those folks travel out here from out of state?

THE COURT:  Yes, sir.  Not a problem.

MR. CARLBERG:  Thank you, Your Honor.

THE COURT:  Ms. Drill is the senior law clerk and she's the one who is riding herd over this case.  And so, if you could make sure that it gets into her hands.  Don't file it in the clerk's office.  I'm not saying the clerk's office doesn't do a very good job, but what we're trying to do is make sure that we have something that we've done that becomes part of the record.  So give it to Ms. Drill.

MR. JOHNSON:  I will email it to her once it's all signed.  We will not e-file it, Your Honor.

THE COURT:  Very good.  Thank you.

MR. CARLBERG:  Thank you, Judge, appreciate it.

THE COURT:  Counsel, any questions?

MR. JOHNSON:  No, Your Honor.

THE COURT:  Mr. Fogle, obviously, this goes some

United States v. Fogle

12

distance as far as at least putting this matter behind you at this time.  Obviously, this implicates your constitutional rights.  You have very good and competent counsel -- and I'm sure that they've discussed with you the circumstances and the situation that now exist with the entry of this order -- but I have to ask you:  Do you have any questions?

THE DEFENDANT:  No, sir, I do not.

THE COURT:  Are you entirely satisfied with the services of your counsel?

THE DEFENDANT:  Yes, sir.

THE COURT:  Very good.  The order we've made a part of the record in this matter.

Is there anything else we need to do?

MR. CARLBERG:  No, Your Honor.  I thank you very much.

THE COURT:  And thank you all for the professionalism that you've shown in this case.  It's always a pleasure for the Court to have good and competent counsel appear before the Court and do the job.  It's sort of -- off the record.

(Discussion off the record.)

**(Proceedings adjourned at 11:25 a.m.)**

CERTIFICATE OF REPORTER


I, Tonia Harris, an Official Court Reporter for the Eastern District of Virginia, do hereby certify that I reported by machine shorthand, in my official capacity, the proceedings had and testimony adduced upon the Status hearing in the case of the **UNITED STATES OF AMERICA versus JASON FOGLE**, Criminal Action No.: 1:23-cr-44, in said court on the 19th day of July, 2023.

I further certify that the foregoing 13 pages constitute the official transcript of said proceedings, as taken from my machine shorthand notes, my computer realtime display, together with the backup tape recording of said proceedings to the best of my ability.

In witness whereof, I have hereto subscribed my name, this July 19, 2023.


_____
Tonia M. Harris, RPR
Official Court Reporter

13